Thb Chieí’Justice
delivered the opinion,
Young and Burch, on the 3d day of January 1815, en» tercdjnto ao article of agreement, whereby Young, in consideration of $350 paid him by JBurch, sold to Burch a certain lot'in. the town of Lexington and bound bimself to open an alley of ten feet, between his and Burch’s lots, and not beieg Sheu in the possession of the title of the lot, as the article of agreement recites, he further covenanted to make Burch a general warranty deed or refund him his money with interest in six months after the date of the article.
t <>n this article Burch brought an action of covenant against Young, and after setting out the contract, lie avers that Young did not open an alley ten feet wide between the lots »%esaid, nor did be make to him a general warranty deed for the lot sold to him as aforesaid, or pay the $350 with interest within six months from the date of the agree-meo'. '
Young pleaded, 1st. Covenants performed.
2. Thai within six months after the date of the contract des'si'::t) on. he made and tendered to Burch a deed for said lot agreeably to the provisions of the ooveeaut, id *418 Burch refused to accept it, and avers his readiness at all tiroes to snake the deed
fceva/¡¿hTrast respond to very breach "he Í tion. e° ara'
If a vendor si the time of title "to the land, and defends un-of tenderle roust shew that he liad title*"or the is bad
When there ls no fixed which a* conveyance is to be made,ven-seek theren-dee if he is within the make'or^teit. 4er the deed,
3d That be executed a deed to Burch agreeably to the provisions of said writing declared on for said lot in the covenant mentioned within six months after the date thereof, that Barch was out of town at the time the deed was made, when Young called at bis place of residence to deliver it, but was, by reason of his absence, prevented from doing so, and after the expiration of the six months, only a few days, Burch returned to Lexington, to his place of residence, and immediately thereafter Young offered the deed to Bttfch who declined to receive it. which deed is mislaid and cannot be now found ; and Young farther avers that he has always, since the ILh of May, 1815, been ready to execute the conveyance agreeably to the covenant and now here brings into court a deed for the same; all which he is ready to verify.
On the first plea issue was joined to the country, and to lbe-2d and 3d Burch demurred; The circuit court, with-°IJf dicing the second plea, adjudged the third plea good on the demurrer thereto, gave judgment for Young, I» reverse which, Burch prosecutes this writ of error.
^lc third plea we think is clearly bad. It is bad in the first piase because it is plead upon answer to the whole declaration, whfets in truth it contains no response to the breach alledged in the covenant to open the alley.
2diy. It is bad, because it contains no averment that Young had obtained a title to the lot before he made and tendered the deed for it, for as the contract recites that he was hádate riot possessed of the title, such an averment was-oecessary to shew that be was able to comply with his contract.
^dly. The plea is bad because it does not alledge a tender of the deed before the expiration of the six months* within which it Was to have been made', nor does it al-ledge any sufficient excuse for not doing so. The alledged absence of Burch from bis place of residence* is no legal excuse for not making a tender of the deed personally to ⅜⅛ ; for residence of Burch was not fixed by the con-tr8c^ as place where the deed was to be delivered, and the delivery of the deed is not in its nature a local thing, but may be done any where. Of course Young was bound-to seek Barch, if within the commonwealth* and make a. tender personally to him.
a vendor, rs-lying «» the deTmust make» prof-ert of the, deed,
Wicklijfe forplaintiff, Hagginioc defendant.
The second plea is equally liable to the two jirst of these objections and is liable to the still farther objection, that it makes no prof ert of the deed tendered and aUedges no excuse ibr not doing so. The circuit court therefore tughtto have sustained the demurrer to bpth these pleas instead of overruling the demurrer to the third plea.
The judgment must therefore be reversed with costs and tbe cause be remanded for further proceedings, 4o -he had aoi inconsistent with the foregoing opinion